UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA A. LUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: No. 22 cv 05826 |
| | ) | Honorable Virginia M. Kendall |
| NORTHERN ILLINOIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT[1]

Plaintiff Cynthia A. Lund ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, PC, in complaining of the defendant, Northern Illinois University ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for under the Americans with Disabilities Act, 42 U.S.C. 12111 *et seq.* ("ADA"), for Defendant discriminating against her on the basis of her disability by subjecting her to a hostile work environment, and under the Family Medical Leave Act, 29 U.S.C. 2601 *et seq.* ("FMLA"), for Defendant retaliating against her for requesting/needing FMLA leave by subjecting her to a hostile work environment and terminating her employment.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Western Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of

---

[1] Plaintiff files this First Amended Complaint pursuant to FRCP 15(a)(2) with written consent of Defendant. In doing so, Defendant explicitly states that it does not waive any right to file a motion to dismiss or otherwise plead to Plaintiff's First Amended Complaint.

1

Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC", charge attached as "Exhibit A") and was thereafter sent a notice of right to sue (attached as "Exhibit B"). Plaintiff timely filed a complaint with the United States District Court for the Northern District of Illinois within 90 days of her receipt of the notice of right to sue.

## PARTIES

5. Plaintiff is a disabled, adult individual and is currently a resident of Byron, Illinois.

6. At all times relevant to the allegations herein, Defendant was a state university organized under the laws of the state of Illinois.

7. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the ADA and FMLA.

8. At all times relevant to the allegations herein, Plaintiff was an employee as that term is defined under the ADA and FMLA.

## FACTS

9. Plaintiff was hired by Defendant in September of as a medical office coordinator.

10. At all times relevant to the allegations herein, Plaintiff performed her job satisfactorily.

11. Plaintiff has been diagnosed with the recognized disability of major depressive disorder, which substantially limits her in various daily life activities including but not limited to sleeping, thinking, concentrating, regulating emotions, communicating, socializing, etc.

12. On or around January 21, 2021, Plaintiff requested intermittent FMLA leave/disability accommodations for depression, anxiety, and panic attacks. Plaintiff's intermittent FMLA leave/disability accommodations were granted by Defendant and Plaintiff used intermittent

leave as needed.

13. At all times relevant to the allegations herein, Plaintiff was able to perform her job duties of medical office coordinator with the intermittent FMLA leave and accommodations granted to her.

14. In or around February 2022, shortly after Plaintiff requested intermittent FMLA leave/disability accommodations, Plaintiff's manager, Sheryl Morris, inexplicably and without notice changed Plaintiff's job description by adding four pages of office manager duties.

15. Ms. Morris changed Plaintiff's job duties despite the fact that two years prior Plaintiff filed a grievance after Ms. Morris changed her description and the result was that Ms. Morris was directed not to change Plaintiff's job description again without discussing it with Plaintiff first.

16. On or about February 7, 2022, Ms. Morris told Plaintiff that she had to wear an N95 mask at work. Plaintiff explained that she did not wish to wear an N95 mask because she found it hard to breathe. Ms. Morris responded that Plaintiff had to wear an N95 mask or she would be held insubordinate. Plaintiff was the only employee that Ms. Morris made wear an N95 mask and other employees regularly wore cloth masks. Plaintiff then got a doctor's note excusing her from wearing an N95 mask. Plaintiff was thereafter allowed to wear a surgical mask, however, the day after Plaintiff brought the doctor's note in, Ms. Morris told Plaintiff that she had to have her mask pinched at the nose. This harassment caused Plaintiff to go home early due to emotional distress. Plaintiff was the only employee she is aware of who Ms. Morris told to pinch their mask at the nose. Plaintiff is not aware of any other employees under Ms. Morris's supervision who were disabled or who had requested intermittent FMLA leave.

17. Ms. Morris also began regularly yelling at Plaintiff in the workplace and

3

micromanaging her to the point that it interfered with Plaintiff's ability to perform her job duties.

18. Ms. Morris also denied Plaintiff supplies she requested and needed to perform her duties.

19. In April of 2022, Ms. Morris gave Plaintiff an unwarranted poor performance review based upon the new job description despite the fact that Plaintiff should not have been given a performance review again until January of 2023.

20. Plaintiff was the only employee that Ms. Morris treated so harshly and with such hostility and this treatment aggravated Plaintiff's disabilities and serious health conditions.

21. Between May 9 and 15, 2022, Plaintiff took continuous FMLA leave.

22. On Plaintiff's first day back from FMLA leave, she was advised that her job was being eliminated, effectively terminating her employment, despite the fact that someone was clearly still needed to perform Plaintiff's job duties, which were essential to Defendant's business operations.

## COUNT I
## (ADA – DISCRIMINATION)

23. Plaintiff re-alleges paragraphs 1 through 22 and incorporates them as if fully set forth herein.

24. Title I of the Americans with Disabilities Act prohibits an employer from discriminating against an employee on the basis of disability, a record of disability, or because the employer regards the employee as having a disability.

25. Plaintiff is a qualified individual with a disability in that she could perform the essential functions of her job with an accommodation.

26. By its conduct as alleged herein, Defendant discriminated against Plaintiff because of her disability by subjecting her to a hostile work environment.

4

27. As a result of Defendant's actions, Plaintiff has suffered significant emotional distress and anxiety.

28. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of her right to be free from impermissible disability discrimination.

29. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT I

Wherefore, Plaintiff prays that this Court order such relief as is necessary to make her whole, including:

a. Injunctive relief;

b. Compensatory damages for pain and suffering;

c. Attorneys' fees and costs incurred in this action;

d. Such other relief as is just and equitable.

e. Plaintiff requests a jury trial of this action.

## COUNT II
## (FMLA RETALIATION)

30. Plaintiff re-alleges paragraphs 1 through 22 and incorporates them as if fully set forth herein.

31. As alleged herein, Plaintiff requested intermittent FMLA leave from Defendant related to the qualifying serious health condition of depression, anxiety, and panic attacks.

32. The FMLA prohibits employers from retaliating against employees for exercising rights protected by the statute.

33. By its conduct as alleged herein, Defendant retaliated against Plaintiff for requesting and/or needing FMLA leave necessitated by a qualifying serious health condition when it subjected her to a hostile work environment and terminated her employment.

5

34. Defendant's conduct toward Plaintiff exhibited an intentional disregard for Plaintiff's rights under the FMLA and Defendant willfully violated such rights.

35. As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic damages.

36. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT II

Wherefore, Plaintiff prays that the court order such relief as is necessary to make her whole, including:

a. Injunctive relief;

b. Lost wages and/or other economic damages;

c. Liquidated damages;

d. Attorneys' fees and costs incurred in this action;

e. Such other relief as is just and equitable;

f. Plaintiff requests a jury trial in this action.

**CYNTHIA LUND**

BY:/s/ Michael T. Smith
Michael T. Smith
Trial Attorney

Michael T. Smith (ARDC No. 6180407IL)
Law Offices of Michael T. Smith & Associates, PC
10 Martingale Road, Suite 400
Schaumburg, Illinois 60173
Email: Msmith39950@aol.com
Phone: (847) 466-1099

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA A. LUND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No.: No. 22 cv 05826** |
| | ) | **Honorable Virginia M. Kendall** |
| **NORTHERN ILLINOIS UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AMENDED COMPLAINT**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA <br> ☒ EEOC | |

| | and EEOC |
|---|---|
| State or local Agency, if any | S.S. No. |

**NAME** (Indicate Mr., Ms., Mrs.): Mrs. Cynthia A. Lund

**HOME TELEPHONE** (Include Area Code): [redacted]

**STREET ADDRESS / CITY, STATE AND ZIP CODE**: [redacted]

**DATE OF BIRTH**: [redacted]

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Northern Illinois University | 500+ | (815) 753-1481 |

**STREET ADDRESS / CITY, STATE AND ZIP CODE**: 1425 W. Lincoln Hwy, DeKalb, Illinois 60115

**COUNTY**: DeKalb

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☒ RETALIATION ☐ NATIONAL ORIGIN ☒ DISABILITY ☒ OTHER (Specify) Hostile Environment

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 02/15/2022
LATEST (ALL): Present
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent in September of 2007. My most recebt position is Medical Office Coordinator. I have been subjected to a Hostile Work Environment due my disability (Depression) and based on my working conditions had to take a Family Medical Leave.

I belive that I have been discriminated against and subjected to a Hostile Work Environment in violation of the American with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*Signed:* Cynthia A. Lund

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CYNTHIA A. LUND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No.: No. 22 cv 05826** |
| ) | **Honorable Virginia M. Kendall** |
| **NORTHERN ILLINOIS UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>AMENDED COMPLAINT</u>**

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Charge No: 440-2022-07063

**To:** Cynthia A. Lund
c/o Michael Smith
Law Offices of Michael T. Smith & Associates
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173

EEOC Representative and email:   Sarronda Harris, CR/TIU Supervisor
Sarronda.Harris@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-07063.

On behalf of the Commission,

Digitally Signed By: Julianne Bowman
08/08/2022
Julianne Bowman
District Director

**Cc:**
Northern Illinois University
c/o James G Guagliardo

Please retain this notice for your records.